## GARDINIER vs. OTIS and others.

A purchase of property with intent to defraud the creditors of the vendor, is void as to such creditors, notwithstanding the vendee pays the full value of the property.

Where there is no evidence for the jury in support of an action, the court, on motion, should order a nonsuit.

APPEAL from the Circuit Court for *Kenosha* County.

The plaintiff, who was a married woman, sued the defendants, *Otis*, *Randall* and *Tymeson*, for unlawfully taking and converting to their own use 70 tons of hay and four head of young cattle, which she claimed as her own separate property. The defense was, that the property belonged to the plaintiff's husband and her son Cornelius, and had been put

into her hands by them for the purpose of defrauding the
defendant *Otis*, to whom they were indebted at the time for _____
rent; and that the defendant *Randall*, as the deputy of
*Tymeson*, who was sheriff, seized the property under an at-
tachment duly issued against them, at the suit of *Otis*, for said
debt. The plaintiff and several other witnesses were sworn
for the purpose of proving that the property in controversy
had been sold to her by her sons Cornelius and James, be-
fore it was seized on the attachment; but it appeared also by
her own testimony, that she paid no money for the property
at the time she bought it; that it was taken in payment of
a debt which she alleged was due to her from Cornelius for
money lent to him; that the hay was raised on a farm leased
from *Otis* by her husband and Cornelius; that she bought
the hay in August, and the rent, being $90, was to fall due
the first of October following; that Cornelius told her he
had consulted counsel about selling the stuff before he sold
it to her; that she understood the hay ought to be moved
off the farm; that it was moved off before the rent fell due;
and "that it was in view of the right of the landlord to take
property for rent that she moved the hay off." When the
plaintiff's evidence was closed, the circuit court nonsuited
the plaintiff, on the ground that, being a married woman,
the property sued for was that of her husband, and that there
was no proper party plaintiff. The court afterwards made
an order setting the nonsuit aside, and granting a new trial,
from which order the defendants appealed.

*J. J. Pettit*, for appellants.

*Webster & Schoff*, for respondent.

*By the Court*, COLE, J. It seems to us that the circuit   April 10.
court very properly nonsuited the respondent, there being
no evidence to go to the jury in support of her action, and
consequently should have permitted the nonsuit to stand.
The evidence discloses to our minds a very feeble and bald
attempt to place the property of the Gardiniers beyond the
reach of their creditors. This we think is apparent from the
whole testimony, and were we to assume—what it might be
difficult to establish, even upon the statement which the re-

spondent made as to the manner in which she acquired the money—that the money was hers, and that she could do with it as she liked, we still think the sale was fraudulent, made with the intent of placing it beyond the reach of *Otis* and other creditors, and that the respondent must have been privy to this design. For she testifies that her son Cornelius consulted counsel about selling the stuff before he sold to her, and that she moved the hay and other property off the farm during the absence of *Otis*, and before the rent fell due, in view of his right as landlord to take the property for rent. All this is inconsistent with a fair and honest business transaction. She was not dealing in good faith when she bought the property. She knew that the sale was made by her sons to hinder or defraud *Otis*. Therefore, if she had paid a good consideration for the property, she could not hold it as against him. It is unnecessary to dwell upon the relation of the parties to that sale to each other. Two sons but little over twenty-one years of age, living with their parents upon a rented farm, sell the whole produce of that farm to their mother, receiving no pay at the time of the sale, and advising about removing the property away to place it beyond the reach of the landlord. These are not circumstances usually attending honest transactions.

The order setting aside the nonsuit and granting a new trial, must be reversed.